UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN I. RIVERA,<br><br>              Plaintiff,<br><br>       v.<br><br>TOM CURL and MATTHEW DYAL,<br><br>              Defendants. | Case No. 1:24-cv-00499-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's initial complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and determined that it failed to state a claim upon which relief could be granted and appeared barred by *Younger v. Harris*, 401 U.S. 37 (1971), which generally requires a federal court to abstain from hearing a civil rights case challenging ongoing state criminal proceedings. The Court allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 13.

Plaintiff has now filed an Amended Complaint. Dkt. 15. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that it must abstain from hearing this case under *Younger*.

1.     **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.  **Discussion**

Plaintiff's claims challenge what appears to be an ongoing state criminal case against Plaintiff. The Court previously explained the abstention doctrine set forth in *Younger* and directed Plaintiff to allege "facts showing that *Younger* abstention is inappropriate." Dkt. 13 at 6.

Plaintiff's Amended Complaint does not address the *Younger* issue. *See generally* Dkt. 15. Accordingly, this case is subject to dismissal.

**ORDER**

**IT IS ORDERED** that, because the Court must abstain from hearing this case under *Younger v. Harris*, this entire case is DISMISSED without prejudice.

DATED: September 17, 2025



Amanda K. Brailsford
U.S. District Court Judge